## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH HENKEL, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| v. | : | No. |
| | : | |
| THE HOME DEPOT, INC., | : | |
| | : | |
| Defendant | : | JURY TRIAL DEMANDED |

### COMPLAINT

The Plaintiff, Joseph Henkel, by and through his attorneys, Dougherty, Leventhal & Price, L.L.P., hereby complains against the above-named Defendant and states as follows:

### THE PARTIES

1.      The Plaintiff, Joseph Henkel, is an adult and competent individual and is a citizen of the Commonwealth of Pennsylvania, residing at 1114 The Hideout, Lake Ariel, PA 18436-9759.

2.      The Defendant, The Home Depot, Inc. (HOME DEPOT), is a corporation that is incorporated outside the Commonwealth of Pennsylvania, with a principal place of business located at 2455 Paces Ferry Road, N.W., Atlanta, GA 30339-4024.

### JURISDICTION

3.      Jurisdiction is based on 28 U.S.C.§1332(a)(1) in that Plaintiff's claims involve a controversy between an entity and/or citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## FACTUAL BACKGROUND OF ACCIDENT

4.      HOME DEPOT is a retail seller of home improvement goods to the public and operates throughout the United States of America.

5.      On March 8, 2018, HOME DEPOT owned and operated a retail store (HONESDALE STORE) located at 721 Old Willow Avenue, Honesdale, Wayne County, PA 18431.

6.      On March 8, 2018, HOME DEPOT displayed multiple storage sheds in the parking lot of its HONESDALE STORE, including a single shed with a model name "Summer Wind." HOME DEPOT displayed all of these sheds for the purpose of selling them to the public.

7.      At all relevant times, the HONESDALE STORE, its parking lot and the sheds referenced above were under the care, custody and control of HOME DEPOT.

8.      HOME DEPOT knew and expected that members of the public would enter the sheds displayed in the parking lot of its HONESDALE STORE in order to examine the sheds for possible purchase. In fact, on March 8, 2018, HOME DEPOT maintained a display of sale brochures inside the "Summer Wind" shed.

9.      On March 8, 2018, the "Summer Wind" shed sat on top of cinderblocks. These cinderblocks in turn sat on top of the asphalt surface of the parking lot. The entrance/exit step of the "Summer Wind" shed (i.e., the difference between the top of the parking lot surface and the floor of the shed) measured eleven and five-eighths inches (11 and 5/8"). There was no handrail

2

or other assistive device to aid customers upon entering or exiting the "Summer Wind" shed.

10.     On March 8, 2018, HOME DEPOT allowed an accumulation of snow and ice to exist on the parking lot surface outside the entrance/exit door of the "Summer Wind" shed.

11.     On the morning of March 8, 2018, Plaintiff Joseph Henkel visited the HONESDALE STORE for the purpose, *inter alia*, of possibly purchasing a shed.

12.     At all relevant times, Plaintiff Joseph Henkel qualified as a business invitee of HOME DEPOT.

13.     After entering the "Summer Wind" shed, Plaintiff Joseph Henkel attempted to exit (i.e., step down from) the shed, and he slipped on the accumulated snow and ice and fell onto the asphalt pavement surface of the parking lot.

14.     Plaintiff Joseph Henkel sustained severe, painful and permanent injuries, including a left tibia fracture, a torn medial meniscus in his left knee, and aggravation of pre-existing spine degeneration.

### COUNT I - NEGLIGENCE

### JOSEPH HENKEL, PLAINTIFF

#### V.

### THE HOME DEPOT, INC., DEFENDANT

15.     The Plaintiff incorporates paragraphs 1 through 14 above as fully as if the same were set forth at length herein.

16.     HOME DEPOT was negligent as follows:

3

(a)     creating an entrance/exit step for its "Summer Wind" shed with an excessive and dangerous height that measured eleven and five-eighths inches (11 and 5/8");

(b)     failing to provide a handrail or other assistive device to aid customers upon entering or exiting the "Summer Wind" shed;

(c)     failing to inspect the surface of the parking lot in front of the entrance/exit door of its "Summer Wind" shed; and

(d)     failing to take reasonable measures to remove the accumulation of ice and snow in front of the entrance/exit door of its "Summer Wind" shed.

17.     The negligence of HOME DEPOT caused Plaintiff's accident and injuries.

18.     As a result of the Defendant's negligence, Plaintiff Joseph Henkel required medical care and treatment and incurred medical expenses for his care and treatment, and Plaintiff believes that he may require additional medical care and treatment in the future and may incur future medical costs.

19.     As a result of the Defendant's negligence, Plaintiff Joseph Henkel endured physical and mental pain and suffering, and he will continue to endure physical and mental pain and suffering for an indefinite period of time into the future.

20.     As a result of the Defendant's negligence, Plaintiff Joseph Henkel suffered embarrassment and humiliation, and he will continue to suffer embarrassment and humiliation for an indefinite period of time into the future.

4

21.     As a result of the Defendant's negligence, Plaintiff Joseph Henkel suffered a loss of ability to enjoy the ordinary pleasures of his life, and he may suffer a loss of ability to enjoy the ordinary pleasures of his life for an indefinite period of time into the future.

*WHEREFORE*, Plaintiff Joseph Henkel respectfully requests that the Court enter judgment in his favor against the Defendant for compensatory damages in excess of seventy-five thousand dollars ($75,000.00), plus costs and delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

**DOUGHERTY, LEVENTHAL & PRICE, L.L.P.**

BY: _____

**JAMES M. WETER, ESQ.**
**Attorney I.D.#46847**

**459 Wyoming Avenue**
**Kingston, PA 18704**
**(570) 288-1427**

**Attorneys for the Plaintiff, JOSEPH HENKEL**